**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 25-CV-2720-RMR

NESTOR ESAI MENDOZA GUTIERREZ, for himself and on behalf of themselves and others similarly situated,

    Petitioners-Plaintiffs,

v.

JUAN BALTASAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,

ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;

TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;

PAMELA BONDI, Attorney General of the United States, in her official capacity;

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;

SIRCE OWEN, Acting Director for Executive Office of Immigration Review, in her official capacity;

U.S. DEPARTMENT OF HOMELAND SECURITY;

AURORA IMMIGRATION COURT; and,

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, MARK BOWEN, Acting Warden,

    Respondents-Defendants.

---

**ORDER**

---

    Before the Court is Petitioner Nestor Esai Mendoza Gutierrez's ("Mr. Gutierrez" or "Petitioner") Motion for Class Certification (the "Motion"), ECF No. 15. Petitioner is

requesting that the Court certify a class of noncitizens who are, or will be, arrested or detained by the United States Immigration and Customs Enforcement ("ICE") under Section 235 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225, which requires detention during the pendency of a noncitizen's immigration removal proceedings. These same noncitizens would have likely been detained under INA § 236, 8 U.S.C. § 1226, before the Department of Homeland Security ("DHS") issued a new policy in July 2025. Under 8 U.S.C. § 1226, noncitizens are entitled to a bond hearing and, if certain criteria are met, may be released on bond pending their immigration removal proceedings. For the following reasons, the Court will GRANT IN PART the Motion, conditionally certifying the class for declaratory judgment.

## I.    BACKGROUND

On September 2, 2025, Mr. Guiterrez filed his First Amended Class Action Complaint for Vacatur and Declaratory and *Habeas Corpus* Relief. On October 17, 2025, the Court granted Mr. Guiterrez's Emergency Temporary Restraining Order ("TRO"), ordering Mr. Guiterrez's immediate release until he received a bond hearing before an Immigration Judge under § 1226. *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *14 (D. Colo. Oct. 17, 2025). The Court found that Mr. Guiterrez is likely to succeed on the merits, that he is unlawfully detained under Section 1225(b)'s mandatory detention authority, and Section 1226(a)'s discretionary detention scheme is more likely applicable. *Id.* The Court deferred ruling on the motion for class certification at that time and scheduled a hearing on the motion for class certification. On November 20, 2025, the Court held a hearing on the motion for class certification. After oral

argument, the Court notified the parties of its intent to conditionally certify a class for declaratory judgment. The Court declines to certify a class for Petitioner's APA claim at this stage but will address doing so later if it becomes necessary to resolve the matter. The Court ordered the parties to meet and confer to identify the scope of the class and file with the Court a proposed class definition and proposed briefing schedule agreeable to both parties by noon on November 20, 2025. ECF No. 43. The parties filed a proposed order certifying the class, ECF No. 44, along with a Joint Notice of Proposed Class Certification Order, ECF No. 44, notifying the Court that there is a dispute over the words "arrested or" in the proposed definition. The Court held a telephonic hearing to address the dispute. The Respondent objects to the inclusion of the words, "arrested or." Both sides made a record of the basis for and against the inclusion of this language in the definition of the class. For the reasons stated on the record, the Court will include the words "arrested or" in the class definition at this time.

> The Court conditionally certifies the class as defined below:
>
> All people who are arrested or detained by Respondents in Colorado pending a decision on whether they are to be removed from the United States based on alleged violations of the Immigration and Nationality Act, or who are otherwise subject to the jurisdiction of an Immigration Court located in Colorado, where:
>
> (a)   For the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States;
>
> (b)   For the person's most recent entry into the United States, the person was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry;
>
> (c)   The person is not a person whose most recent arrest occurred at the border while they were arriving in the United States; and,

3

  (d) The person is being detained based on Respondents' assertion that they are subject to 8 U.S.C. § 1225(b)(2)(A).

ECF No. 43.

## II. Legal Standard

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 348–49 (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) ("A class action . . . enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits.").

The party seeking certifications must show:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart*, 564 U.S. at 345. Petitioner seeks to certify a class under Rule 23(b)(2), which demands that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

4

Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360.

The Court's examination of these requirements is not cursory. Rule 23 "does not set forth a mere pleading standard." *Id.* at 350. Rather, "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350–51 (cleaned up). "Petitioner[] must satisfy the 'preponderance' evidentiary standard at the class certification stage." *D.B.U. v. Trump*, 349 F.R.D. 228, 235 (D. Colo. 2025) (citing *Payne v. Tri-State CareFlight, LLC*, 328 F.R.D. 601, 621 n.12 (D.N.M. 2018) ("[A]lthough the Tenth Circuit has not yet explicitly adopted the preponderance standard for fact-finding in class certification analyses, it most likely will, and the Court will employ that standard here.") (collecting cases).

### III.   Analysis

Respondents argue this action is, at its core, a habeas corpus action. The Tenth Circuit has recognized that while other circuits have ruled that Rule 23 class actions are technically inapplicable to habeas corpus actions, the Court can apply an analogous procedure by reference to Rule 23. Thus, the Court will apply the Rule 23 elements in its analysis. The parties do not appear to disagree with the Rule 23(a) elements. The disagreement is focused on Rule 23(b) and whether the class-wide relief requested is declaratory or injunctive in nature and whether the relief requested is barred by 8 U.S.C. § 1252(f). The court will first briefly discuss the Rule 23(a) elements and then turn its attention to the Rule 23(b) requirement, which took up the bulk of oral argument at the hearing on the Motion.

1. Rule 23(a)

    a. Numerosity

There is no argument that the first requirement of Rule 23(a), numerosity, is satisfied here. Under Rule 23(a)(1), plaintiffs or petitioners must show "that the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As of November 11, 2025, over 500 individuals were detained by ICE in the District of Colorado under 8 U.S.C. § 1225(b)(2). ECF No. 40 at 14. Joinder of 500 noncitizens is impracticable, and that does not include any future unknown members — noncitizens who will be arrested and detained under § 1225(b)(2) in the District of Colorado in the future.

    b. Commonality

During the hearing, Respondents represented that any dispute as to commonality and typicality has to do with the class definition and can likely be resolved through conferral with Petitioner's counsel to come up with a mutually agreeable class definition. The parties have now come to a resolution on the class definition, except for the term "arrested or," resolving the Petitioner's argument that the class definition is too broad. ECF Nos. 44-45. While Respondent's objection to the inclusion of the "arrested or" language is noted, it does not defeat the commonality element of the class certification.

Rule 23(a)(2) is disjunctive: a plaintiff may satisfy its commonality requirement if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *see also Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) ("A finding of commonality requires only a single question of law or fact common to the entire class.") (quotations omitted). Here, a common legal question exists — whether § 1225(b)(2)'s

mandatory detention provisions apply to the class and prevents them from being considered for release on bond under § 1226(a) and its implementing regulations. In an analogous case, the Western District of Washington found that commonality was satisfied when the common legal question was "whether Defendants' 'policy and practice denying bonds for lack of jurisdiction' violates the INA and APA." *Rodriguez v. Bostock*, 349 F.R.D. 333, 354 (W.D. Wash. 2025) (*Rodriguez II*[1]). In another analogous case, the District of Massachusetts held the common question of law was "does § 1225(b)(2)(A) authorize mandatory detention without a bond hearing during removal proceedings for noncitizens who entered the United States without inspection, were arrested while residing inside the country, and who are not subject to the expedited removal process under § 1225(b)(1), parole revocation under § 1182(d)(5)(A), or mandatory detention under § 1226(c). *Guerrero Orellana v. Moniz*, No. 25-CV-12664-PBS, 2025 WL 3033769, at *9 (D. Mass. Oct. 30, 2025). The Court finds that the class definition does present a common question of law. Thus, the commonality element is met here.

### c. Typicality

The typicality requirement calls upon the plaintiff to show that his claims or defenses "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As the Supreme Court has noted, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge" *Guerrero*, 2025 WL 3033769, at *10..

---

[1] The Court will utilize the same naming conventions for the multiple *Rodriguez v. Bostock* orders as it did in *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *12 (D. Colo. Oct. 17, 2025) to avoid confusion.

Initially, Respondents argued that Petitioner's claim was not typical of the class, in part, because of his pending U-Visa application. ECF No. 26 at 29. In their Supplemental Brief for Class Certification Hearing and at the hearing, Respondents seem to concede that whether a noncitizen has some sort of pending application should not impact the Court's typicality analysis. ECF No. 40 at 16. As the court previously noted, "[u]nder Rule 23(a)(2), Petitioners are not required to share the same factual circumstances of other class members, particularly where questions of law—[whether § 1225(b)(2)'s mandatory detention provisions apply to the class and prevents them from being considered for release on bond under § 1226(a) and its implementing regulations]—are common to the class." *D.B.U.*, 349 F.R.D. at 237 (internal quotation omitted). It appears that with the new proposed class definition, Respondents no longer dispute that the typicality element is satisfied.

### d.  Adequacy

The adequacy prong demands that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *White v. Gen. Motors LLC*, No. 21-cv-00410-CNS-MEH, 2023 WL 3278460, at *12 (D. Colo. May 5, 2023), *reconsideration denied*, No. 21-cv-00410-CNS-MEH, 2023 WL 4628438 (D. Colo. June 30, 2023). Respondents do not contest that Mr. Guiterrez is an adequate class representative. The Court finds that there is no conflict between Mr. Guiterrez's interests

8

and the interests of class members. Mr. Guiterrez asserts the same legal theory as the other class members. They "all have suffered or will suffer the same injury from the government's uniform policy imposing mandatory detention without a bond hearing on them during their removal proceedings." Guerrero, 2025 WL 3033769, at *11.

Respondents do not contest the adequacy of proposed class counsel, who have extensive experience in complex civil litigation, immigration law, and class actions. See D.B.U., 349 F.R.D. at 233 (appointing some of the same counsel as class counsel). Class counsel has litigated this action through the TRO phase and now into certification briefing, not only in this Court but in other District Courts as well. See Maldonado Bautista v. Noem, No. 5:25-cv-01873-SSSBFM, ECF No. 14 (C.D. Cal. July 28, 2025). The Court finds class counsel have vigorously prosecuted this action on behalf of the class—and will continue to—thus satisfying Rule 23(a)(4)'s adequacy requirement. See, e.g., White, 2023 WL 3278460, at *12 (concluding named plaintiff and class counsel met adequacy burden where counsel had "vigorously been litigating" and "proffered intelligible [certification] arguments" (quotations omitted)).

For the reasons set forth above, Petitioner, by a preponderance of the evidence, satisfied Rule 23(a)'s threshold certification requirements. See Fed. R. Civ. P. 23(a). The Court now proceeds to its analysis of Petitioner's class certification motion under Rule 23(b)(2).

### 2. Rule 23(b)(2)

Having satisfied Rule 23(a)'s requirements, the Court turns to whether Petitioners have met their Rule 23(b)(2) burden. *See, e.g.,* Fed. R. Civ. P. 23(b). This is where things get more complicated.

Plaintiffs bring this class action under Rule 23(b)(2), *see* ECF No. 15 at 14, which provides maintenance of a class action where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2). *See also Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.").

#### a. 8 U.S.C. § 1252(f)(1)

Respondents contend that Petitioner's requested relief is injunctive because it would ultimately require Respondents to provide the class members a bond hearing under 8 U.S.C. § 1226(a). Respondents maintain that 8 U.S.C. § 1252(f)(1) prohibits the Court from awarding a class-wide injunction. Section 1252(f) provides, in part, that:

> [N]o court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [§§ 1221–31] of this subchapter . . . other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

8 U.S.C. § 1252(f). In other words, "[i]t prohibits federal courts from granting classwide injunctive relief" against certain provisions of the INA, specifically §§ 1221–1231. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Garland*

*v. Aleman Gonzalez,* 596 U.S. 543, 550 (2022) ("§ 1252(f)(1) generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions.").

On the record, Petitioner clarified the two forms of relief he is seeking: 1) a declaratory judgment, declaring the challenged policies unlawful, and 2) vacatur, or set aside relief, under the APA, seeking the Court to set aside DHS's new policy and the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025). Petitioner argues that vacatur is necessary because in the Western District of Washington, where a declaratory judgment was issued in an analogous case, the Immigration Judges in that district are ignoring the declaratory judgment. ECF No. 38 at 8 n.12; *see also Rodriguez v. Bostock,* No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025) (*Rodriguez III*) (finding that the class "has shown that the text of section 1226, canons of interpretation, legislative history, and longstanding agency practice demonstrate that they are governed by section 1226(a)'s 'default' rule for discretionary detention). Petitioner concedes that his individual habeas claim is still a live issue before the court, but he denies that he is seeking class habeas.

In *Aleman Gonzalez,* the Supreme Court declined to reach the question of whether § 1252(f) prohibits class-wide declaratory relief. 596 U.S. at 551 n.2. Two out-of-circuit district courts have held that § 1252(f) does not prohibit the declaratory relief sought here, each relying on its own circuit's precedent. The First Circuit and Ninth Circuits have said that § 1252(f) does not prohibit declaratory relief. *See Guerrero,* 2025 WL 3033769, at

11

\*12 (citing *Brito v. Garland*, 22 F.4th 240, 256-257 (1st Cir. 2021); *Rodriguez II*, 349 F.R.D. 333, 364 (W.D. Wash. 2025) (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1119 (9th Cir. 2010)). In *Van Dinh v. Reno,* the Tenth Circuit declined to decide whether § 1252(f) bars review when constitutional due process issues are raised. 197 F.3d 427, 433–34 (10th Cir. 1999). ("While the immigration statutes may not preclude collateral review of constitutional issues in § 2241 habeas cases, an issue we do not decide here, they do preclude direct review of the Attorney General's discretionary decisions in immigration cases by means of a *Bivens* class action suit.").

Respondents argue that Plaintiff's request for declaratory relief is in name only, and that because Petitioner is still asking the Court to compel Respondents to act by providing the class members a bond hearing under 8 U.S.C. 1226(a) that such relief is injunctive, which is barred by 8 U.S.C. § 1252(f). ECF No. 40 at 6-7. Respondents also argue that vacatur is a form of injunctive relief as well. The Court asked Respondents at the hearing, as a practical matter, if the Court, like many other Courts in the nation, has ruled that DHS's new policy interpreting 8 U.S.C. §§ 1225 and 1226(a) is unlawful, how does the Court ensure the 500 noncitizens to whom this new policy applies get relief? Other than having the Court rule on 500 separate habeas petitions, what mechanism should be used to determine the rights and obligations regarding the other purported class members? Respondents proposed that multidistrict litigation was a possibility, but Respondents did not otherwise provide a satisfactory answer as to what the Court should do with the current situation.

Without addressing the argument that vacatur is a form of injunctive relief, the Court finds that a class-wide declaratory judgment that the new DHS policy violates the INA is not precluded by § 1252(f). The Court agrees with the reasoning in *Rodriguez II* and *Guerrero* that Petitioner's requested relief does not fall within the bar of § 1252(f). *Rodriguez II*, 349 F.R.D. at 364; *Guerrero*, 2025 WL 3033769, at *12. As the Court previously noted, "Mr. Gutierrez is not seeking to halt, suspend, or alter the discretionary 'operation' of any INA provision. Rather, he has raised procedural due process claims challenging the constitutionality of immigration agencies' recently enacted policies and procedures." *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *13 (D. Colo. Oct. 17, 2025).

### b. Appropriate Relief

Respondents also argue the class cannot be certified under Rule 23(b)(2) because the declaratory judgment would not provide *final* relief to each member of the class. ECF No. 40 at 8. Instead, Respondents argue, members of the class would have to file individual injunctions to secure an order requiring the government to provide a bond hearing in his or her specific case. ECF No. 40 at 8. As the Court emphasized at the hearing, the expectation is in this District that if the Court issues an order of declaratory judgment, the order will be followed. And as the court in *Guerrero* found, "[a] final declaratory judgment establishing a right to a bond hearing would be appropriate on a class-wide basis, and each class member could then secure a coercive remedy enforcing that right in an individual action," but hopefully, that will not be necessary. *Guerrero*, 2025 WL 3033769, at *13. Thus, the Court finds that "the declaratory relief requested—a ruling

13

that the policy violates the INA—would provide the entire class with relief." *Rodriguez II, 349 F.R.D. at 363*.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for class certification, ECF No. 15, is **GRANTED in PART**. The Court conditionally certifies the following class for purposes of Petitioner's declaratory judgment claim for relief:

All people who are arrested or detained by Respondents in Colorado pending a decision on whether they are to be removed from the United States based on alleged violations of the Immigration and Nationality Act, or who are otherwise subject to the jurisdiction of an Immigration Court located in Colorado, where:

(a) For the person's most recent entry into the United States, the government has not alleged that the person was admitted into the United States;

(b) For the person's most recent entry into the United States, the person was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry;

(c) The person is not a person whose most recent arrest occurred at the border while they were arriving in the United States; and,

(d) The person is being detained based on Respondents' assertion that they are subject to 8 U.S.C. § 1225(b)(2)(A).

The Court **DENIES WITHOUT PREJUDICE** to certify the class for Petitioner's vacatur claim for relief under the APA.

The Court appoints Plaintiff-Petitioner Nestor Esai Mendoza Gutierrez as the class representative for the conditionally-certified class. Pursuant to Federal Rule of Civil Procedure 23(g), Timothy R. Macdonald, Emma Mclean-Riggs, Anna I. Kurtz, Sara Neel, and Scott C. Medlock of the American Civil Liberties Union Foundation ("ACLU"); Michael K.T. Tan and Anand Balakrishnan of the American Civil Liberties Union Foundation; and Hans Meyer and Conor Gleason of the Meyer Law Office as class counsel for the conditionally-certified class.

The Court's previous order enjoining Respondents from removing the putative class he had originally proposed to represent from the United States or transferring them from the District of Colorado during the pendency of this action, ECF No. 33 at 36, is MODIFIED to apply only to members of the class defined above.

The parties are ordered to brief the merits in accordance with the agreed schedule ECF No. 44 at 2. Petitioner's opening brief is due November 24, 2025. Respondent's response is due December 8, 2025. Petitioner's reply is due December 15, 2025.

DATED: November 21, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge