# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 25-cv-02720-RMR

NESTOR ESAI MENDOZA GUTIERREZ, for himself and on behalf of themselves and others similarly situated,

       Petitioners-Plaintiffs,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;
PAMELA BONDI, Attorney General of the United States, in her official capacity;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
SIRCE OWEN, Acting Director for Executive Office of Immigration Review, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
AURORA IMMIGRATION COURT; and,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

       Respondents-Defendants.

---

## ORDER

---

Pending before the Court is Respondents-Defendants' ("Defendants") Motion to Stay the Answer Deadline or, in the Alternative, to Require Full Briefing on the Motion to Dismiss ("Motion to Stay"). ECF No. 94. Petitioners-Plaintiffs ("Plaintiffs") filed a Response. ECF No. 95. For the reasons stated, the Motion is granted in part and denied in part.

## I.    BACKGROUND

In July 2025, the government adopted an interpretation of the Immigration and Nationality Act ("INA") to require detention for noncitizens found within the interior part of the United States who did not have a pending order of removal. The government maintains that these noncitizens are detained under 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention during the pendency of a noncitizen's immigration removal proceedings. This application to such noncitizens represents a significant departure from long-standing policy. Previously, such noncitizens were detained under  8 U.S.C. §1226(a), which entitled them to a bond hearing and, if certain criteria were met, release on bond. As a result of this change, many noncitizens have been detained without a bond hearing and have sought relief in the federal district courts. It is no longer breaking news that the federal courts have been flooded by these cases. Most courts that have addressed this issue have found that the Department of Homeland Security's ("DHS") interpretation of the INA is constitutionally flawed. Agreeing with the judges in hundreds of other cases, this Court granted a temporary restraining order requiring Defendants to release Mr. Gutierrez until he received a bond hearing. ECF No. 33.

As the parties describe in their briefing on the Motion to Stay, the central issue in this case is whether 8 U.S.C. § 1225 or § 1226 applies in the detention of Plaintiff and other similarly situated class members. Between August and November 2025, Plaintiffs filed an Emergency Motion for Temporary Restraining Order (ECF No. 14), Motion to Certify Class (ECF No. 15), and Motion for Partial Summary Judgment (ECF No. 49). The question of whether Plaintiff and class members were detained under 8 U.S.C. § 1225 or

2

1226 was a fundamental issue to each of these motions. This Court granted Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 14), ECF Nos. 33 and 35, and Plaintiff's Motion to Certify Class (ECF No. 15), ECF No. 47. On December 12, 2025, Defendants filed its Notice of Appeal as to Orders at ECF Nos. 33, 35, and 47, seeking appeal of the Court's granting of Plaintiff's Emergency Motion for Temporary Restraining Order and Motion to Certify Class.

Since the Notice of Appeal, Plaintiffs filed an Amended Complaint (ECF No. 89), and the parties filed the Joint Motion for Order to Treat Petitioner's Motion for Partial Summary Judgment, ECF No. 49, as Directed to the Claims Asserted in Petitioner's Second Amended Complaint, ECF No. 89 (ECF No. 90). The Court granted the parties' Joint Motion. ECF No. 92. Now, Defendants request this Court to stay the answer deadline or, in the alternative, require full briefing on the motion to dismiss the Second Amended Complaint. ECF No. 94. Plaintiffs request the Court deny the Motion to Stay and require Defendants to answer the Second Amended Complaint.

## II.    ANALYSIS

Defendants assert that the Court should stay the answer deadline "given the pending appeal before the Tenth Circuit." ECF No. 94 at 7. They argue "[t]hat notice of appeal grants jurisdiction to the Tenth Circuit to review the injunction at issue." *Id.* Plaintiffs argue that "the Tenth Circuit has long recognized an interlocutory injunction appeal under 28 U.S.C. § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case." ECF No. 95 at 7 (citing *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791-92 (10th Cir. 2013)).

Technically, both parties are correct. The general rule is "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In other words, the filing of a notice of appeal divests jurisdiction of the issues subject to the appeal to the appellate court. The district court may proceed to determine actions on the merits outside of those divested issues. As evidenced in Plaintiffs' cited case *Free Speech*, there may be circumstances that "justif[y] trial-court consideration of issues that may be open in the court of appeals . . . . This power is desirable both in the interest of expeditious disposition and in the face of uncertainty as to the extent to which the court of appeals will exercise its power." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 790 (10th Cir. 2013).

Here, the Notice of Appeal requests appellate review of (1) the enjoining of Petitioner-Appellee's removal (ECF Nos. 33 and 35) and (2) the district court's class certification (ECF No. 47). ECF No. 68. Central to both of these appealed issues is the question of whether § 1225(b)(2)(A) authorizes mandatory detention pending removal proceedings for noncitizens who enter the United States without inspection and are later apprehended while residing within the country. The Tenth Circuit issued an Order finding that "appellate review of DC ECF Nos. 33 and 35 is appropriate under 28 U.S.C. § 1292(a)" and, with regard to DC ECF No 47, directing the parties to specifically address the issue of jurisdictional scope of the appeal "explaining which portions of this appeal (if any) this court has jurisdiction to review and which portions of this appeal (if any) this

4

court does not have jurisdiction to review." App. Case No. 25-1460, ECF No. 22. In its Order, the Tenth Circuit clearly acknowledged its jurisdiction of the district court's order enjoining Plaintiff's removal and ordered the parties to present their case on the jurisdiction of the class certification. Thus, the Tenth Circuit exercised its discretion to, at least for now, retain jurisdiction over the appealed issues. The central substantive issue is the same across each of these appealed issues. Additionally, the question of whether this Court can or should address any merits-based issues while the Tenth Circuit considers which portions of this appeal (if any) it has jurisdiction to review and which portions of this appeal (if any) it does not have jurisdiction to review remains an open one. Thus, does not have jurisdiction to consider the issue of whether § 1225(b)(2)(A) or § 1226(a) applies to Plaintiff and similarly situated class members. Even if there may be issues that the district court retains jurisdiction over, prudential considerations weigh against such action while the issues are squarely before the appellate court.[1]

The Court notes that the unique circumstances of *Free Speech* weigh differently here. Under the circumstances in this case, the "interest of expeditious disposition" may be advanced by a decision from the Tenth Circuit. This Court and its sister courts have numerous pending cases on the same issues as this case. Allowing the Tenth Circuit to speak on these issues may result in the most expeditious resolution of these pending cases. Such an order would involve a controlling question of law such that a decision on

---

[1] Considering this, Plaintiff's Motion for Partial Summary Judgment, ECF No. 49, and Defendants' Motion for Indicative Ruling Under Rule 62.1, ECF No. 79, remain pending and will be held in abeyance until a mandate is issued from the Tenth Circuit.

the appeal from the district court orders may materially advance the ultimate resolution of the litigation or, at least, provide guidance in this circuit.

Perhaps in recognition of these issues, Plaintiffs have indicated that, although they oppose a stay of the answer deadline, they are unopposed to filing a response to any motion to dismiss the Second Amended Complaint on the typical schedule or on an accelerated one. ECF No. 95 at 9 n.5. Plaintiffs request Defendants file their motion to dismiss within seven days of the Court's order, and then Plaintiffs' response would be due 21 days after the issuance of the mandate from the Court of Appeals. In essence, the parties have agreed that the matter should be stayed but disagree on the extent to which briefing on the motion to dismiss should be completed prior to the stay. Therefore, the Court orders Defendants to file their answer or motion to dismiss. Once the motion to dismiss or answer has been filed, the case will be stayed until the pending appeal has been resolved.

### III.   CONCLUSION

Accordingly, the Court grants in part Defendants' Motion to Stay Answer Deadline (ECF No. 94). Defendants are ordered to file their answer or motion to dismiss on or before March 23, 2026. Once that has been completed, the case will be stayed pending resolution of the pending appeal. Plaintiffs' response will be due 21 days after the mandate is issued from the Tenth Circuit.

DATED: March 15, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge