## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02720-RMR

NESTOR ESAI MENDOZA GUTIERREZ, for himself and on behalf of themselves and others similarly situated,

      Petitioner-Plaintiff,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Acting Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;
PAMELA BONDI, Attorney General of the United States, in her official capacity;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
DAREN MARGOLIN, Director for Executive Office of Immigration Review, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
AURORA IMMIGRATION COURT; and,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

      Respondents-Defendants.

---

## JOINT EMERGENCY MOTION TO PERMIT TRANSFER OF CLASS MEMBER FOR MEDICAL REASONS

---

The parties file this emergency motion requesting that the Court issue an order allowing for the transfer of a specific class member, Luis Garcia Rodriguez, to receive medical treatment that he cannot receive at the Denver Contract Detention Facility in Aurora, Colorado. Due to the need to transfer this individual to a different district to

1

provide this individual with that care, the parties respectfully request that the Court grant the motion.  As explained below, there is good cause to allow the transfer of this individual.  Due to the urgent nature of the need for care, the parties request that the Court rule on the motion on an expedited basis by March 30, 2026.

On November 21, 2025, the Court conditionally certified a class of noncitizens for purposes of briefing Petitioner's declaratory judgment claim.  ECF No. 47 at 14.  In that Order, the Court modified its previous injunction that enjoined Respondents from removing the putative class members from the United States or transferring them from the District of Colorado during the pendency of the case.  *Id.* at 15 (citing ECF No. 33 at 36).  The injunction was modified to enjoin Respondents from removing the class members, as defined in the class certification order, from the United States or the District of Colorado during the pendency of the case.  *Id.*  In its initial order, the Court explained that it was issuing this injunction to preserve its jurisdiction.  ECF No. 33 at 3.

There is an urgent need to transfer one such individual out of the district to another judicial district to receive patient care.  Medical staff at the Denver CDF have determined that Mr. Garcia-Rodriguez, who is detained at the Denver CDF, requires a higher level of patient care for mental-health issues than can be accommodated at that facility.  Immigration and Customs Enforcement ("ICE") is thus making arrangements to transfer this individual as soon as possible to an inpatient treatment facility that can accommodate his medical needs—here, the Fort Lauderdale Behavioral Health Hospital.  ICE does not have another contracted facility in the District of Colorado that can comprehensively address Mr. Garcia-Rodriguez's mental-health needs.

The transfer will not affect Mr. Garcia-Rodriguez's status as a class member. ICE has identified that Mr. Garcia-Rodriguez falls within the class that the Court conditionally certified on November 21, 2025. Mr. Garcia-Rodriguez will remain a class member even if transferred out of the district.

It is appropriate for the Court to permit Mr. Garcia-Rodriguez's temporary transfer while the appeal is pending. Rule 62(d) of the Federal Rules of Civil Procedure (formerly Rule 62(c)) allows a district court to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Specifically, "Rule 62(c) [now Rule 62(d)] empowers a district court, in its discretion, to modify injunctions during the pendency of an appeal," *Middle Rio Grande Conservancy Dist. v. Norton*, 294 F.3d 1220, 1231 n.13 (10th Cir. 2002), so long as the "action taken [does] not materially alter the status of the case on appeal," *Natural Resources Defense Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (internal quotation marks omitted). Here, allowing transfer of this single class member would not materially alter the status of the case on appeal. *See United States v. Power Engineering Co.*, 10 F. Supp. 2d 1165, 1172 (D. Colo. 1998) ("The requested modification, if granted, does not materially alter the status of the appeal. Nor would granting the modification deprive or otherwise affect the jurisdiction of the Tenth Circuit over the appeal."). The Court's injunction barring transfer of class members from the District of Colorado to preserve its jurisdiction would remain in place. And allowing transfer for the purpose of obtaining medical treatment for Mr. Garcia-Rodriguez would preserve his rights as a

member of the class.

Accordingly, the parties request that by March 30, 2026, the Court grant this emergency motion and allow Mr. Garcia-Rodriguez to be transferred for medical reasons to a facility in another judicial district.  The parties have attached a proposed order.

Dated: March 27, 2026

PETER MCNEILLY
United States Attorney

*s/ Benjamin Gibson*
Benjamin Gibson
Brad Leneis
Timothy Jafek
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0400
benjamin.gibson@usdoj.gov
brad.leneis2@usdoj.gov
timothy.jafek@usdoj.gov

Attorneys for Respondents-Defendants Executive Office of Immigration Review, U.S Department of Homeland Security, Aurora Immigration Court, and U.S. Immigration and Customs Enforcement, and Juan Baltasar, George Valdez, Markwayne Mullin, Todd Lyons, Pamela Bondi, and Sirce Owen in their official capacities

s/ Scott Medlock
Timothy R. Macdonald
Sara R. Neel
Emma Mclean-Riggs
Anna I. Kurtz
Scott C. Medlock
ACLU OF COLORADO FOUNDATION
303 E. 17th Avenue
Denver, CO 80203
(720) 402-3107
tmacdonald@aclu-co.org
sneel@aclu-co.org
emcleanriggs@aclu-co.org
akurtz@aclu-co.org
smedlock@aclu-co.org

Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
m.tan@aclu.org

Hans Meyer
Conor T. Gleason
The Meyer Law Office
PO Box 40394
Denver, CO 80204
(303) 831 0817
hans@themeyerlawoffice.com
conor@themeyerlawoffice.com

ATTORNEYS FOR PLAINTIFF-
PETITIONER AND THE PLAINTIFF
CLASS

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_s/ Benjamin Gibson_
Benjamin Gibson
U.S. Attorney's Office