# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CV-2720-RMR

NESTOR ESAI MENDOZA GUTIERREZ, for himself and on behalf of others similarly situated,

     Petitioner-Plaintiff,

v.

JUAN BALTASAR, Warden, Aurora ICE Processing Center, in his official capacity,

GEORGE VALDEZ, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity;

MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity;

DAVID VENTURELLA,[1] Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;

TODD BLANCHE,[2] Acting Attorney General of the United States, in his official capacity;

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;

DAREN K. MARGOLIN, Director for Executive Office of Immigration Review, in his official capacity;

U.S. DEPARTMENT OF HOMELAND SECURITY;

AURORA IMMIGRATION COURT; and,

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

     Respondents-Defendants.

---

## PLAINTIFF-PETITIONER'S OPPOSED[3] MOTION TO LIFT THE STAY ENTERED AT ECF 96 BASED ON SUPPLEMENTAL AUTHORITY

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), David Venturella, the Acting Director of Immigration and Customs Enforcement (ICE), is automatically substituted as an official-capacity defendant-respondent in this matter.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche, the Acting Attorney General of the United States, is automatically substituted as an official-capacity defendant-respondent in this matter.

[3] The Parties have conferred regarding the relief requested in this motion, and the Defendants are opposed to this relief.

Plaintiff-Petitioner Nestor Esai Mendoza Gutierrez ("Plaintiff"), on behalf of himself and the certified class, respectfully asks this Court to lift the stay entered at ECF 96 due to new Tenth Circuit authority that conclusively resolves the merits of Plaintiff's claim, and forecloses relief for Defendants in the merits-portion of their appeal.

On June 30, 2026, in a published opinion, the Tenth Circuit unanimously concluded that 8 U.S.C. § 1226(a), and *not* 8 U.S.C. § 1225(b)(2)(A), governs the detention of noncitizens like Plaintiff and the class, making them eligible for release from detention on bond. *Santillan Quiroz v. Mullin*, --- F.4th ----, 2026 WL 1876709 (10th Cir. June 30, 2026). This opinion decisively resolves the "central substantive issue" (ECF 96, p. 5) in Defendants' pending appeal in this case. The Tenth Circuit has now spoken on this issue, and, as such, this Court should now act expeditiously to grant relief to the class. *See id*. Thus, this Court should lift the stay, and grant Plaintiff's motion for partial summary judgment.

## I.    RELEVANT PROCEDURAL HISTORY

On February 26, 2026, because of their pending appeal, Defendants requested the Court either stay their deadline to file a motion to dismiss, or, alternatively, require full briefing on such a motion on the schedule required by the Local Rules. ECF 94. Defendants did not request a total stay of proceedings.

On March 15, 2026, this Court granted Defendants' motion in part, and *sua sponte* stayed the entire case until resolution of Defendants' appeal. ECF 96. This Court reasoned that "[a]llowing the Tenth Circuit to speak on these issues may result in the

2

most expeditious resolution of these pending cases." ECF 96, p. 5. In *Santillan Quiroz*, the Tenth Circuit spoke definitively.[4]

## II.    LEGAL STANDARDS

While "[t]he Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings," Rule 26(c) permits "the court to 'make any order which justice requires to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:05-cv-1934-LTB-PA, 2006 WL 894955, *2 (D. Colo. Mar. 30, 2006). In evaluating the propriety of a stay, a court should consider "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*.

## III.    THE COURT SHOULD LIFT THE STAY AND GRANT THE MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court should lift the stay as the class thoroughly satisfies each of the *String Cheese* factors, for the reasons described in Plaintiff's earlier motion. *See* ECF 98. Each *String Cheese* factor strongly favors Plaintiff and the class, as (1) the class's interest in expeditious resolution of the case is palpable, as class members remain illegally detained without bond each day this case remains pending (*id*. at pp. 6-8); (2) significant burdens on Defendants would actually be *lifted* by no longer requiring piecemeal individual *habeas*

---

[4] As *Santillan Quiroz* controls resolution of the merits issue in the appeal as well, Plaintiff is contemporaneously notifying the Tenth Circuit of this controlling supplemental authority through Federal Rule of Appellate Procedure 28(j).

litigation; (3) the court would also be relieved of the heavy burden individual *habeas* cases impose on every judge in this district (*id*. at pp. 9-10); (4) non-parties – like the families of detained class members – benefit from the end of their loved ones' illegal detention (*id*. at p. 10); and (5) "[t]here is generally no public interest in … unlawful agency action" (*id*., citing *Wages & White Lion, LLC v. FDA*, 16 F.4th 1130, 1143 (5th Cir. 2021) (quoting League of Women Voters of U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016)). Indeed, in opposition to Plaintiff's original motion to lift the stay, the government did not even contest that the equities of the *String Cheese* factors strongly favor Plaintiff and the class. *See* ECF 105, p. 10.

If anything, the equities now even more strongly favor lifting the stay. At least 500 class members and likely many more, as people continue to take voluntary departures or are otherwise removed from the country, are still locked away in "abhorrent" and "atrocious" conditions, daily facing the Hobson's choice of acquiescing to deportation to the dangerous conditions in the countries they fled or continuing their imprisonment. *See Arostegui-Maldonado v. Baltazar*, 794 F.Supp.3d 926, 940 (D. Colo. 2025); *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1220 (D. Colo. 2025); ECF 98, pp. 7-8. As the Tenth Circuit recognized, "[i]n our circuit, thousands of noncitizens are likely subject to mandatory detention under the Government's newfound statutory reading and policy," and people like Mr. Santillan Quiroz "need not" any longer "be detained without even a bond hearing." *Santillan Quiroz*, 2026 WL 1876709, at *17 (granting Mr. Santillan Quiroz a bond hearing within seven days). Now there is no longer any viable legal argument that the class members in this case are not also entitled to seek release on bond.

4

That the Tenth Circuit decided *Santillan Quiroz* first, rather than this case, does not prevent this Court from lifting the stay to resolve the merits issue. It is well established that "in an appeal from an order granting or denying a preliminary injunction" – like the government's appeal here – "a district court may nevertheless proceed to determine the action on the merits." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) (citing *U.S. v. Price*, 688 F.2d 204, 215 (3d Cir. 1982)). "This power is desirable both in the interest of expeditious disposition and in the face of uncertainty as to the extent to which the court of appeals will exercise its power." *Id*. at 792 (citing 16 C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. § 3921.2).

Of course, here, there is no longer any "uncertainty" about *how* the Tenth Circuit will resolve Defendants' appeal – it will affirm this Court's preliminary injunction on the merits, as whatever panel hears the case is now bound by *Santillan Quiroz*.[5] The only remaining uncertainty is *when* that appeal ends. As the pending appeal also addresses an ancillary issue unrelated to the merits issues raised in Plaintiff's motion for partial summary judgment – whether under 8 U.S.C. § 1252(f)(1) this Court exceeded its authority in enjoining the transfer of class members outside the District of Colorado – there is unfortunately no clear timeline regarding when the appeal may resolve. The class will languish in the meantime (and how this Court resolves the merits may even moot the

---

[5] "One panel of [the Tenth Circuit] cannot overrule the judgment of another panel absent *en banc* consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." *U.S. v. White*, 782 F.3d 1118, 1126-27 (10th Cir. 2015) (quotation omitted).

remaining issue on appeal).[6] Thus, this Court can (and should) now "reach the merits even though the preliminary injunction [is] pending on appeal" by lifting the stay and granting Plaintiff's motion for partial summary judgment to provide relief to the class. *Pueblo of Pojoaque v. New Mexico*, 863 F.3d 1226, 1231 (10th Cir. 2017). As the Tenth Circuit noted, Mr. Santillan Quiroz's "habeas corpus petition is inherently personal," 2026 WL 1876709, at *1, and the government's track record in the related litigation elsewhere cautions that the class requires relief now in order for the members to receive the benefit of the *Santillan Quiroz* opinion. *See, e.g.*, ECF 95, pp. 8-9.

*Coinbase v. Bielski*, 599 U.S. 736 (2023) – the case the government will no doubt insist requires that the *Mendoza Gutierrez* appeal be completely resolved first – does not apply to the present circumstances. *Coinbase* was an appeal of a denial of arbitrability, where the purported benefits of arbitration would have been lost had the district court proceedings not been stayed pending resolution of the appeal. Other Courts of Appeals have declined to apply *Coinbase* in the expansive manner the government requests outside the arbitration context. *See, e.g.*, *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 766 n.2 (9th Cir. 2025) (collecting cases), *cert denied sub nom. Express Scripts, Inc. v. California*, 25-327, 2026 WL 79931 (U.S. Jan. 12, 2026); *Badon v. Berry's Reliable Resources, LLC*, 23-30345, 2025 WL 2206972, *2 (5th Cir.

---

[6] In Plaintiff's motion for partial summary judgment, he suggests that the Court no longer need prohibit the transfer of class members out of the District of Colorado – the portion of the preliminary injunction that Defendants assert is barred by 8 U.S.C. § 1252(f)(1) – as the Court could instead "order Defendants to provide Class Counsel with notice any time a class member is to be transferred out of the District of Colorado, so that Class Counsel can monitor compliance with the declaratory judgment." ECF 49, p. 20.

Aug. 4, 2025).[7] Other judges in this district have rejected the government's approach as well. *U.S. Sec. & Exch. Comm'n v. Reven Holdings, Inc.*, 22-cv-3181-DDD-SBP, 2024 WL 3691603, at *1, n. 1 (D. Colo. Aug. 7, 2024) (denying motion to stay under *Coinbase*, noting the majority's "reasoning [in *Coinbase*] is limited to § 16(a) of the [Federal Arbitration Act]"). Indeed, the government has cited no authority for its strained proposition that *Coinbase* requires staying the entire litigation – especially in the face of long-standing Tenth Circuit precedent to the contrary, and even more so when the result of the appeal's merits is now obvious. *See Free Speech*, 720 at 791.

And *Coinbase* certainly does not foreclose action by this Court in the circumstances that exist now – where a Court of Appeals has conclusively resolved the merits issue, and all that remains for the Court of Appeals is resolution of an ancillary issue (that could nonetheless drag out the end of Defendants' pending appeal, irreparably prejudicing the class along the way).

## IV.    CONCLUSION

For the above reasons, the Court should grant Plaintiff's Motion to Lift the Stay Entered at ECF 96 and then grant Plaintiff's Motion for Partial Summary Judgment (ECF 49), as *Santillan Quiroz* now requires.

---

[7] Other Circuits that have applied *Coinbase* have done so in a much more limited fashion. *See City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265, 271 (4th Cir. 2025) (appeal of remand to state court stayed because "*whether* the district court can send this case back" was analogous to whether a case was subject to mandatory arbitration (emphasis in original)); *but see Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362 (5th Cir. 2023) (discussing *Coinbase*, declining to order stay pending appeal of remand order).

Dated: July 2, 2026.                    Respectfully submitted,


                                        *s/ Conor T. Gleason*
                                        Timothy R. Macdonald
                                        Emma Mclean-Riggs
                                        Anna I. Kurtz
                                        Scott C. Medlock
                                        Conor T. Gleason
                                        ACLU OF COLORADO FOUNDATION
                                        303 E. 17th Avenue
                                        Denver, CO 80203
                                        (720) 402-3107
                                        tmacdonald@aclu-co.org
                                        emcleanriggs@aclu-co.org
                                        akurtz@aclu-co.org
                                        smedlock@aclu-co.org
                                        cgleason@aclu-co.org

                                        Michael K.T. Tan
                                        AMERICAN CIVIL LIBERTIES UNION
                                        FOUNDATION
                                        425 California Street, Suite 700
                                        San Francisco, CA 94104
                                        (415) 343-0770
                                        m.tan@aclu.org

                                        Hans Meyer
                                        The Meyer Law Office
                                        PO Box 40394
                                        Denver, CO 80204
                                        (303) 831 0817
                                        hans@themeyerlawoffice.com


                                        ATTORNEYS  FOR  PLAINTIFF-PETITIONER
                                        AND THE PLAINTIFF CLASS

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing **PLAINTIFF-PETITIONER'S OPPOSED MOTION TO LIFT THE STAY ENTERED AT ECF 96 BASED ON SUPPLEMENTAL AUTHORITY** with the Clerk of the Court using the CM/ECF system, and that in accordance with Fed. R. Civ. P. 5, all counsel of record shall be served electronically through such filing.

*s/ Conor T. Gleason*

Counsel for Plaintiff-Petitioner and the Plaintiff Class